No. 60,164

In the Matter of JEFF JOHNSON, *Respondent*.

(744 P.2d 802)

Opinion filed October 30, 1987.

*Stanton A. Hazlett*, deputy disciplinary counsel, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with him on the brief for petitioner.

Respondent argued the cause and was on the brief pro se.

*Per Curiam*: This is a disciplinary proceeding against Jeff Johnson involving four complaints numbered W3385, W3636, W3637, and W3641 which were consolidated for hearing before a panel of The Kansas Board for Discipline of Attorneys. The panel found that Mr. Johnson had committed multiple violations of the Code of Professional Responsibility and unanimously recommended that he be disbarred.

## FAILURE TO GRANT A CONTINUANCE

The first issue concerns the procedural manner in which the four complaints were handled. Copies of the complaints herein were mailed to respondent at his mailing address in Hugoton. Respondent did not receive this letter as he had moved to Manhattan. On August 13, 1986, respondent personally appeared in the Disciplinary Administrator's Office and was served with copies of the four complaints and notification of the hearing date thereon which was September 26, 1986, at 9:00 a.m. Also, on August 13, 1986, respondent requested that the Disciplinary Administrator permit him to file answers to the complaints out of time. The request was granted and the answer date was set for September 12, 1986. The answers were timely filed.

On September 22, 1986, the Disciplinary Administrator received a motion dated September 8, 1986, requesting a continuance of the September 26 hearing date. On September 25, 1986, respondent telephoned John F. Stites, panel chairman, requesting a continuance of the hearing scheduled for the following day. The substance of the telephone conversation and the subsequent procedural sequence are set forth in the panel's Final Hearing Report as follows:

"[T]he Respondent was informed that he should appear in person before the

"[T]he Respondent was informed that he should appear in person before the panel the next day. That he was further informed that the panel would listen to his arguments on his motion and request for continuance, but that since it was filed at such a late date in relation to the hearing and further since the [Disciplinary] Administrator had several witnesses coming from the western reaches of the state of Kansas who had already made plans to be at Topeka for the hearing, that the odds were against the continuance being granted, and that therefore he should be prepared to give his defense, if any, to the complaints.

"The record should further reflect that the panel did not commence the hearings until 9:30 a.m. even though the same were supposed to start at 9 a.m., and that continuously during the time of the hearing, search was made of the vicinity of the hearing room to determine if the respondent ever made his appearance and there was no appearance on behalf of respondent to the complaints as filed against him."

Respondent argues that the panel's failure to grant him a continuance of the hearing resulted in allowing him an insufficient time to prepare his defenses to the four complaints. We do not agree. By his own admission, respondent had 43 days after receipt of copies of the complaints and the notice of hearing in which to prepare for the hearing. There is no contention that any extraordinary circumstances existed such as to render 43 days an insufficient period of preparation. Although requested to do so, respondent did not appear at the hearing and request a continuance, stating his reasons therefor, or seek a bifurcated proceeding if additional witnesses and/or evidence would be available only at a later date. There is nothing in the record showing specifically how the failure to grant a continuance is claimed to have prejudiced respondent's preparation of his defenses herein. We conclude this issue is without merit.

For his next issue, respondent challenges the sufficiency of the evidence supporting the panel's findings that respondent had violated the Code of Professional Responsibility.

## W3385
## THE CONSERVATORSHIP

As to this complaint, the panel found:

"[T]hat the respondent had been duly appointed as conservator to two minor children, to wit: James Woodward Lackey and Keri Renee Lackey in the District Court of Stevens County, Kansas. That the said respondent was obtaining funds by reason of a workers' compensation case on behalf of said minor children which was being sent to the respondent each and every month. That thereafter the respondent was putting these checks in a trust account and was then supposed to

mail checks each month to the mother of the minor children. That the respondent sent a check to the mother of the minor children, to wit: Christina Stroud, which check was dated July 6, 1984, in the sum of $700, which was returned by reason of insufficient funds in said account. That said check was never made good by the respondent and that one other check received by respondent on behalf of the minor children was never accounted for.

"5. That further on this complaint the District Court of Stevens County,. Kansas, thereafter requested an accounting from the respondent concerning the funds in the conservatorship account as above outlined and that the respondent has failed and/or refused to provide said accounting to said District Court.

"6. That by reason thereof the panel finds that the respondent was guilty of a violation of DR 1-102(A)(5) engaging in conduct that is prejudicial to the administration of justice and DR 1-102(A)(6) engaging in any other conduct that adversely reflects on his fitness to practice law."

The original complaint alleged that respondent's check No. 159, in the amount of $700.00, was returned to the mother of the minor children on the basis of insufficient funds and had never been paid, and that the proceeds received by respondent for two other months of compensation had never been accounted for. At the hearing there was testimony that the two allegedly unaccounted-for checks had been paid over to the mother, and that portion of the complaint was deleted by the Disciplinary Administrator. There was evidence that proceeds from an insurance company, received by respondent as conservator, had not been accounted for, but this claim had not been set forth in the complaint so the panel held it would not consider same. Therefore, the only matter before the panel on this complaint was the insufficient funds check—No. 159, dated July of 1984. It would appear that the portion of paragraph 4(B) of the Final Hearing Report stating "and that one other check received by respondent on behalf of the minor children was never accounted for" is not supported by the evidence.

In his brief, defendant argues that he had no knowledge of the request for an accounting filed in the conservatorship, and that is why he never appeared or filed an accounting. In his answer to the complaint, respondent stated:

"[T]his Respondent admits that he was given notice that a conservator was no longer needed, a request for an accounting and an accounting was provided."

We conclude that the panel's findings relative to check No. 159, and respondent's failure to respond to the court ordered

accounting, are supported by clear and convincing evidence to support its finding that respondent violated DR 1-102(A)(5) and DR 1-102(A)(6) (235 Kan. cxxxvii).

## W3636 and W3637
## REAL ESTATE AND AUTOMOBILE TRANSACTION

The panel considered these two complaints together and found:

"7. That the peanut of the complaint involved in W3636 is that the respondent took a power of attorney from an elderly lady named Katie Bryant. That Katie Bryant had certain real estate and that respondent sold said real estate for the total sum of $47,500. That the money was then placed in respondent's trust account and out of said sum of $47,500 there was paid a mortgage on said land owed to a bank in the sum of $34,116.54, but that there has never been an accounting to the said Katie Bryant for the balance of said funds in the approximate sum of $13,400. That there was presented into evidence receipts and expenditures from the respondent's trust fund in which these funds were deposited and from the said exhibits so introduced and examined by the panel the panel cannot find where any of the additional remaining funds were used for the use and/or benefit of the said Katie Bryant.

"8. That thereafter Arthur B. McKinley, attorney at law, was duly appointed as conservator for the said Katie Bryant in the District Court of Haskell County, Kansas, under the Case No. 85P9. There thereafter the respondent was ordered by Judge Rinehart, District Court of Haskell County, Kansas, to file in said guardianship and conservatorship proceedings a full and complete account of all his acts as attorney in fact for Katie Bryant. That the respondent failed to do so and that Judge Rinehart then issued a show cause and contempt order which was personally served on the respondent which has still not caused the respondent to make an accounting in the affairs of the said Katie Bryant.

"(D) That under Complaint No. [W3637] the respondent was dealing with one Jeanie L. Hamblin as an attorney. That the respondent purchased an automobile from the said Jeanie L. Hamblin under an agreement prepared by the respondent. That the respondent was to pay for the automobile on a time basis. That Mrs. Hamblin instructed the respondent to go to the courthouse and transfer the title of the automobile to the respondent but to endorse Mrs. Hamblin's name on said title as a lien holder since the respondent had not paid for said automobile. That respondent in violation of these instructions obtained a title in his own name without said lien holder endorsement thereon and later sold said automobile.

"9. That by reason of the complaints in W3636 and W3637 the panel finds that the respondent is guilty of conduct under DR 1-102 (A) (4) (5) & (6), to wit: Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; engaging in conduct that is prejudicial to the administration of justice; engaging in other conduct that adversely reflects on his fitness to practice law."

Defendant contends he properly handled the proceeds re-

ceived from the sale of the Bryant property by disbursing same "to and/or for the benefit of Katie Bryant, her two daughters and granddaughter." As to his failure to respond to the Haskell County proceedings seeking an accounting, respondent contends the court lacked jurisdiction over him as he was not a named party in the conservatorship proceeding.

As for the automobile transaction, respondent contends that he was not guilty of any wrong dealing. Respondent filed a general denial to this complaint. By virtue of this and respondent's failure to appear at the hearing, respondent's version of events surrounding the automobile transaction was not before the panel.

We conclude that the panel's findings relative to the real estate and automobile transactions (W3636 and W3637) are supported by clear and convincing evidence and support its finding that respondent violated DR 1-102(A)(4), (5) and (6).

## W3641
### WORTHLESS CHECK CONVICTION

The panel found:

"(A) That the basis of the complaint under No. W3641 is as follows, to wit: That the respondent, Jeff V. Johnson was found guilty of giving two worthless checks, one in the sum of $38.05 and one in the sum of $24 both misdemeanors by the District Court of Stevens County, Kansas, on June 21, 1985.

"3. That thereafter the respondent appealed his convictions to the Court of Appeals of the state of Kansas on these charges, but the appeal has lapsed by reason of the fact that the respondent did nothing on these appeals.

"4. That by reason thereof, the respondent is guilty of DR 1-102(A)(4) in engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and DR 1-102(A)(6) engaging in conduct that adversely reflects on his fitness to practice law."

Respondent contends:

"That the above findings were not supported by any evidence except the Journal Entry in Stevens County Case Nos. 85CR02 and 85CR08. There was not clear and convincing evidence that the Respondent was guilty of the conduct found by the panel."

Apparently, respondent believes that the panel was under an obligation to redetermine the question of respondent's guilt on the check charges and could not find violations based upon records of conviction. Such contention is without merit. We conclude that the panel's findings relative to the worthless check

convictions are supported by clear and convincing evidence and support its finding that respondent violated DR 1-102(A)(4) and (6).

For his final issue, respondent contends the panel's unanimous recommendation that he be disbarred is improper. Respondent contends the complaints should be dismissed, or, alternatively, that this court should grant a rehearing.

After having carefully reviewed the record, the court agrees with the panel that the respondent's violations of the Code of Professional Responsibility are "serious and deep." Like the panel herein, we are also concerned with respondent's failure to cooperate with the Disciplinary Administrator or even appear at the hearing before the panel. Additionally, respondent's conduct shows an attitude that he is not accountable to anyone for his actions—whether it be a client, district court, or the board of discipline. We conclude that respondent's misconduct justifies the discipline recommended herein.

IT IS THEREFORE ORDERED that Jeff Johnson be and he is hereby disbarred from the practice of law in the State of Kansas, the costs of this action are assessed to the respondent, and the Clerk of the appellate courts is directed to strike the name of respondent from the roll of attorneys admitted to the practice of law in Kansas.

IT IS FURTHER ORDERED that respondent shall forthwith comply with the provisions of Supreme Court Rule 218 (235 Kan. cxxxii).